IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GAYA E. WILLIAMS; WELLS )<br>FARGO, N.A.; and, )<br>TOWN OF MILTON, )<br>)<br>Defendants. ) | Case No. 1:23-cv-10698<br><br>Judge Allison D. Burroughs |

**AMENDED COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Gaya E. Williams, and (2) enforce the federal tax liens against certain real property belonging to her. For its complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Gaya E. Williams resides in Norfolk County, Massachusetts, within the jurisdiction of this Court.

3. The defendant Wells Fargo, N.A., is joined as a party because it may have a lien or claim an interest in the property described below.

4. Defendant Town of Milton, Massachusetts, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and

1

to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

5. The real property upon which the United States seeks to enforce its tax liens (the "Property") is located at 75 Revere Street, Milton, MA, 02186, and has a legal description as follows:

> the Land in Milton, known and numbered as 75 Revere Street, Milton, MA 02186, Norfolk County and Commonwealth of Massachusetts aforesaid, being Lots 7, 8, 14, 15, and 16 as shown on plan recorded with Norfolk Deeds, Book 1477 Page 243, bounded and described as follows:
>
> EASTERLY by Revere Street one hundred (100) feet;
> SOUTHERLY by Lot nine on said plan seventy (70) feet;
> EASTERLY by Lot nine on said plan fifty (50) feet;
> SOUTHERLY by Lot thirteen on said plan seventy (70) feet;
> WESTERLY by Harold Street one hundred fifty (150) feet; and
> NORTHERLY by Lots six and seventeen on said plan one hundred forty (140) feet.
>
> Containing 17,500 square feet of land.

Meaning to describe the property conveyed to Gaya E. Williams, individually, by deed with Quitclaim Covenants, dated August 28, 1997, and recorded with the Norfolk County Registry of Deeds at Book 11973, Page 139, on September 2, 1997.

## COUNT ONE
**(Claim Against Gaya E. Williams to Reduce Income Tax Liabilities to Judgment)**

6. The United States incorporates by reference paragraphs 1 and 2 as if specifically realleged herein.

7. A delegate of the Secretary of the Treasury made assessments against Gaya E. Williams for income taxes for the tax years ending December 31, 2010, December 31, 2011,

December 31, 2013, December 31, 2015, December 31, 2016, December 31, 2018, December 31, 2019, and December 31, 2020, on the dates, and in the amounts described below. These liabilities have balances due as of March 29, 2023, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, or penalties for failure to make estimate tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 3/29/2023 |
|---|---|---|---|---|
| 12/31/2010 | 02/24/2014 | Tax | $28,244.00 | $65,199.29 |
| | 02/24/2014 | Accuracy-Related Penalty (IRC 6662) | $5,648.80 | |
| 12/31/2011 | 04/01/2013 | Tax | $9,035.00 | $130,431.71 |
| | 03/10/2014 | Tax | $48,346.00 | |
| | 03/10/2014 | Accuracy-Related Penalty (IRC 6662) | $9,832.40 | |
| 12/31/2013 | 10/06/2014 | Tax | $17,714.00 | $31,410.42 |
| 12/31/2015 | 12/13/2021 | Tax | $7,490.00 | $6,753.83 |
| 12/31/2016 | 6/13/2022 | Tax | $31,084.00 | $41,064.36 |
| 12/31/2018 | 8/17/2020 | Tax | $22,193.00 | $38,382.46 |
| 12/31/2019 | 8/17/2020 | Tax | $18,945.00 | $24,848.02 |
| 12/31/2020 | 10/10/2022 | Tax | $20,447.00 | $18,295.06 |
| **Total:** | | | | $356,385.15 |

8. Notice of the liabilities described in paragraph 7 was given to, and payment demanded from, Gaya E. Williams.

9. Despite proper notice and demand, Gaya E. Williams failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, she remains liable to the United States for the liabilities described in paragraph 7 in the amount of $356,385.15 as of March 29, 2023, plus statutory additions and interest accruing from and after March 29, 2023.

## COUNT TWO
**(Claim Against All Parties to Enforce Federal Tax Liens Against the Property)**

10. The United States incorporates by reference paragraphs 1 through 9 as if specifically realleged herein.

11. Gaya E. Williams obtained title to the Property by deed dated August 28, 1997.

12. Because Gaya E. Williams neglected, refused, or failed to pay the liabilities described in paragraph 7 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Property.

13. In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien ("NFTL") securing the liabilities described in paragraph 7 were recorded with the Norfolk County Registry of Deeds on the dates and locations listed below.

| Tax Period Ending | Date Assessed | Date NFTL Filed | Registry of Deeds Norfolk County Location |
|---|---|---|---|
| 12/31/2010 | 02/24/2014 | 11/09/2022 | Book 40912, Page 152 |
| 12/31/2011 | 04/01/2013 | 08/07/2013 | Book 31632, Page 83 |
|  |  | 12/23/2022 (refile) | Book 40989, Page 161 |
| 12/31/2011 | 03/10/2014 | 11/09/2022 | Book 40912, Page 152 |
| 12/31/2013 | 10/06/2014 | 11/04/2014 | Book 32672, Page 391 |
| 12/31/2015 | 12/13/2021 | 11/09/2022 | Book 40912, Page 152 |
| 12/31/2016 | 6/13/2022 | 11/09/2022 | Book 40912, Page 152 |
| 12/31/2018 | 8/17/2020 | 11/09/2022 | Book 40912, Page 152 |
| 12/31/2019 | 8/17/2020 | 11/09/2022 | Book 40912, Page 152 |
| 12/31/2020 | 10/10/2022 | 11/21/2022 | Book 40932, Page 230 |

14. The United States is entitled to enforce the federal tax liens described in paragraph 12 against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to the Town of Milton, Massachusetts, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendant Gaya E. Williams, for income tax liabilities for the tax periods ending December 31, 2010, December 31, 2011, December 31, 2013, December 31, 2015, December 31, 2016, December 31, 2018, December 31, 2019, and December 31, 2020 in the amount of $356,385.15, plus statutory additions and interest accruing from and after March 29, 2023, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Property;

C. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to the Town of Milton, Massachusetts, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above in paragraphs A, except to the extent that the Court determines that another party has a superior right, title, or interest; and,

D. The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Isabelle Dietz*
        ISABELLE DIETZ
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.   20044
        (202) 514-3714/Fax: (202) 514-5238
        Isabelle.Dietz@usdoj.gov

Local Counsel:

RACHAEL ROLLINS
United States Attorney